**Naval A. LAWRENCE, Appellant**

v.

**Odie WASHINGTON, Director, D.C. Department of Corrections, et al., Appellees.**

**No. 06–7082.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 18, 2006.

Naval A. Lawrence, Jonesville, VA, pro se.

Edward Eugene Schwab, Deputy Attorney General, Todd Sunhwae Kim, Solicitor General, Robert James Spagnoletti, Attorney General, Stacy Louise Anderson, Assistant Attorney General, Office of Attorney General for the District of Columbia, Office of the Solicitor General, Washington, DC, for Appellees.

Before: ROGERS, GRIFFITH, and KAVANAUGH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed April 21, 2006, be affirmed. The district court properly determined appellant had not exhausted his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), because he did not complete the administrative grievance process by appealing to the Director of the District of Columbia Department of Corrections. *See Woodford v. Ngo,* —— U.S. ——, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (§ 1997e(a) requires proper exhaustion). Even assuming appellant's argument that he was prevented by the Department of Corrections from completing the administrative grievance process is cognizable in light of *Woodford, see, e.g., Kaba v. Stepp,* 458 F.3d 678, 684–85 (7th Cir.2006) (PLRA requires exhaustion of "available" administrative remedies and "when prison officials prevent inmates from using the administrative process ... the process that exists on papers becomes unavailable in reality."), the argument fails on the merits for the reasons articulated by the district court: appellant did not indicate during what period he was in lockdown at the Correctional Treatment Facility and does not dispute the district court's finding that he filed an administrative grievance and a district court complaint during that lockdown.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.